FILED

NOV 17 2005



UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| EARL D. DOWTY, | * | CIV. 05-4120 |
| Plaintiff, | * | |
| vs. | * | **REPORT AND RECOMMENDATION** |
| | * | **TO DISMISS UPON SCREENING** |
| ROBERT DOOLEY, Warden, | * | |
| Mike Durfee State Prison, Yankton Trusty Unit; | * | |
| GARY SCHUMACHER, Officer; | * | |
| BECC COYLE, Unit Manager; | * | |
| REBECCA SCHIEFFER, Unit Coordinator; | * | |
| all in their individual and official capacities, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff is an inmate at the South Dakota State Prison, Yankton Trustee Unit, Yankton, South Dakota. He alleges "on 7/13/05 Officer Gary Schumacher opened legal mail from Federal Buildin Clerk of Courts. . . ." For relief he requests ". . . [t]hese prison officials have been doing this for years. . . . Plaintiff is ask for 5000.00 five thousand in damage and 250.00 filing fee be pay to plaintiff. 250.00 to the courts" (sics in original). His complaint has been screened as is required by 28 U.S.C. § 1915(e)(2).

## ANALYSIS

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2

1

L.Ed.2d 80 (1957). The Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted) cert. den., 513 U.S. 829, 115 S.Ct. 100, 130 L.Ed.2d 49 (1994). If it does not, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

1. Isolated Incident. With regard to violations of legal mail policy, the law in the Eighth Circuit is that "an isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or access to the courts, does not give rise to a constitutional violation." Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997) (citations omitted). Also, a failure to sufficiently allege actual injury from the conduct complained of warrants a sua sponte dismissal under 28 U.S.C. § 1915A. See Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999).

Plaintiff has alleged a single incident of opening mail which he alleges is "legal mail." The opened mail is mail he received from the clerk of court. Without reaching which Constitutional right is alleged to be infringed,[1] the Eighth Circuit has held an isolated incident does not give rise to a constitutional violation, particularly where no actual injury has been alleged. His suggestion of persistent institutional disregard of prison policy or constitutional rights regarding mail comes from

---

[1] The 6th Amendment is implicated regarding correspondence with an inmate's lawyer. Wolff v. McDonnell, 418 U.S. 539, 576, (1974). There is a due process right of access to the courts for prisoners to correspond privately and without censorship or inspection with attorneys, courts and court officials. O'Donnell v. Thomas, 814 F.2d 524, 527 (8th Cir. 1987) (internal citation omitted).

2

his statement "prison officials have been doing this for years." If the District Judge accepts this report and recommendation to dismiss his allegation of a single incident of opening his "legal mail," then plaintiff will have no standing to amend his complaint to allege facts to support his suggestion this has been going on for years. That claim belongs to those whose mail has been illegally opened. There is, therefore, no purpose to be served if he were allowed time to amend to show this has been going on for years.

    2.   <u>Claimed Retaliation for Filing This Lawsuit</u>.   Previously the following Order was entered:

> Plaintiff Earl D. Dowty filed a Motion to Dismiss (Doc. 8) on September 1, 2005. In the motion Plaintiff states he wishes to dismiss this lawsuit because he is being retaliated against by prison officials for filing the lawsuit. Based on Plaintiff's allegations in the motion, it is hereby
>
> ORDERED that Plaintiff's Motion to Dismiss (Doc. 8) is DENIED. (<u>See</u> Doc. 9).

The complaint which plaintiff requested to be dismissed because he was being retaliated against for asserting it has now been screened under 28 U.S.C. §1915(e)(2). The complaint has been recommended for dismissal. He wanted to dismiss his complaint because he is being retaliated against for filing the complaint. The retaliation claim is not a part of the claim which was asserted in the underlying lawsuit. If plaintiff wishes to pursue the retaliation claim, it could be accomplished by commencing a separate lawsuit.

## PRISON LITIGATION REFORM ACT

1. <u>Filing Fees</u>. If Plaintiff's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. That Plaintiff's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. <u>In Re: Prison Litigation Reform Act</u>, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed as frivolous. <u>Anderson v. Sundquist</u>, 1 F.Supp.2d 828, 830 n. 5 (W.D. Tenn. 1998). One of the purposes of the Prison Litigation Reform Act is to

> require the prisoners to pay a very small share of the large burden they place on the Federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively. Prisoners will have to make the same decision that law abiding Americans must make: Is the lawsuit worth the price?

<u>Roller v. Gunn</u>, 107 F.3d 227, 231 (4th Cir. 1997) (quoting 141 Cong. Rec. at S7526 (May 25, 1995) <u>cert. den.</u>, 522 U.S. 874, 118 S.Ct. 192, 139 L.Ed.2d 130 (1997). <u>See</u> <u>also</u> <u>In Re: Tyler</u>, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The filing fees paid, if any, will not be refunded to the Plaintiff. Plaintiff remains obligated to pay the filing fee in installments pursuant to the Order granting him in forma pauperis status.[2]

---

[2]Mr. Dowty was Ordered to pay an initial partial fee payment for docketing and filing fees in the amount $27.43 on or before October 1, 2005. He has not done so. Instead he filed a letter

2.      <u>Current Tally of Strikes Against Plaintiff</u>

The Prison Litigation Reform Act, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff Earl Dowty has previously filed two (2) civil actions in the District of South Dakota pursuant to 42 U.S.C. § 1983 which have either been dismissed as frivolous or because of a failure to state a claim. These cases were filed in this court as civil docket numbers 01-4107 and 04-4192. Plaintiff is advised he has at least two prior "strikes" pursuant to 28 U.S.C. § 1915(g). If this case is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, this will be his third strike. He will then be unable to proceed in forma pauperis in any future civil action, unless he is in imminent danger of serious physical injury.

## CONCLUSION

It is **RECOMMENDED** plaintiff's allegation regarding the single incident of opening his "legal mail" on July 13, 2005 should be dismissed with prejudice. It is an isolated incident. He has alleged no actual injury from the incident. The incident does not rise to constitutional proportions. Because dismissal of this case will constitute his third strike, he is not eligible for in forma pauperis status for future lawsuits unless he is in imminent danger of serious physical injury.

---

designated "Motion to pay filing fee to proscute (sic) defendants." (Doc 11). He fails to explain why the Order directing him to pay should be rescinded and replaced with an Order directing the defendants to pay his filing fee up front. As is explained above, if he were to prevail in his lawsuit, then the defendants would be expected to pay the filing fee. His letter merely is more of the same about mail being improperly opened, plus his having been placed in the hole, being transferred from the Yankton Trustee Unit, his cousin being illegally held for nine years, and how he has been deprived justice in the prior cases he has filed.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)
Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 17th day of November, 2005.

BY THE COURT:

*/s/ John Simko*
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By: */s/ Sharon Souro*, Deputy

(SEAL)